# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs August 30, 2011

## JACKIE F. CURRY v. HOWARD CARLTON, WARDEN

**Appeal from the Circuit Court for Johnson County**
**No. 5658       Robert Cupp, Judge**

**No. E2011-00607-CCA-R3-HC - Filed October 6, 2011**

The petitioner, Jackie F. Curry, appeals the Johnson County Circuit Court's summary dismissal of his *pro se* petition for writ of habeas corpus. Following our review, we affirm the summary dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which THOMAS T. WOODALL and JOHN EVERETT WILLIAMS, JJ., joined.

Jackie F. Curry, Mountain City, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Sophia S. Lee, Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTS

"[The] [p]etitioner physically forced the victim, who was his ex-girlfriend, from a nightclub. After taking her to an Economy Inn, he raped her orally, vaginally and anally." Jackie F. Curry v. State, No. E2007-02526-CCA-R3-HC, 2008 WL 3066823, at *1 (Tenn. Crim. App. Aug. 4, 2008), perm. to appeal denied (Tenn. Dec. 8, 2008) (citing State v. Jackie F. Curry, No. E2000-02475-CCA-R3-CD, 2001 WL 872789, at *1-3 (Tenn. Crim. App. Aug. 2, 2001), perm. to appeal denied (Tenn. Nov. 5, 2001)). On August 15, 2000, the petitioner was convicted by a Knox County Criminal Court jury of three counts of aggravated rape and was sentenced as a violent offender to twenty-two years on each count, to be served consecutively to each other and consecutively to a prior eight-year sentence for which he was on probation at the time of the incident. Id. at *1. This court affirmed the

judgments of the trial court, and our supreme court denied the petitioner's application for permission to appeal. Id.

On March 29, 2004, the petitioner filed a petition for writ of habeas corpus, arguing that the court of conviction violated his due process rights by excluding evidence rendering his judgments of conviction void, the prosecutor withheld exculpatory evidence, his trial counsel rendered ineffective assistance, the indictment violated principles of double jeopardy in that it incorporated three counts, the convicting evidence was legally insufficient and materially varied from the offenses charged in the indictment, and the trial court erred in enhancing his sentences and in imposing consecutive sentences. See Jackie F. Curry v. State, No. E2004-01227-CCA-R3-HC, 2005 WL 927158, at *1 (Tenn. Crim. App. Apr. 21, 2005). The habeas court dismissed the petition, and this court granted the State's motion to affirm the dismissal under Rule 20 of the Rules of the Court of Criminal Appeals. Id.

On January 11, 2005, the petitioner filed an untimely petition for post-conviction relief in which he argued that the trial court improperly enhanced his sentence under Blakely v. Washington, 542 U.S. 296 (2004). See Jackie F. Curry v. State, No. E2005-00418-CCA-R3-PC, 2005 WL 3343826, at *1 (Tenn. Crim. App. Dec. 7, 2005). The post-conviction court dismissed the petition as barred by the statute of limitations, and this court affirmed the dismissal on appeal. Id.

On January 31, 2007, the petitioner filed a second petition for writ of habeas corpus, as well as an amended petition on February 22, 2007, in which he made the following allegations:

> (1) the indictments were defective because they failed to allege that force or coercion was used to accomplish the act of sexual penetration; (2) the indictments are facially void because they fail to allege that sexual penetration was accomplished without the victim's consent and that Petitioner knew he did not have the victim's consent; (3) the indictment is invalid because it fails to "state the facts constituting the offense in ordinary and concise language" so that "a person of common understanding [would] know what is intended;" (4) the trial court constructively altered the charging terms of the indictment by instructing the jury on statutory elements not included in the indictment; (5) his convictions are void because the aggravated rape statute under which he was convicted is unconstitutional; (6) the proof did not support the jury's finding that he engaged in conduct that constituted a substantial step toward the three aggravated rape convictions; and (7) the trial court did not have jurisdiction to revoke the community corrections sentence he was serving at the time of the incident.

Jackie F. Curry, 2008 WL 3066823, at *1. As with his first petition, the habeas court summarily dismissed the petition, and this court affirmed on appeal. Id. at *2, *6.

The petitioner filed the current petition for post-conviction relief, *pro se*, on April 9, 2010. As we understand his argument, the petitioner asserted in his petition that his sentence was illegal because it was greater than the presumptive minimum sentence, his offenses should have been consolidated pursuant to the merger doctrine for having occurred within a 24-hour period of time, he was erroneously "treated as some sort of 'recidivist' offender," his sentence was enhanced based on the erroneous application of the "'exceptional cruelty'" and "'desire for pleasure and excitement'" enhancement factors, and the trial court did not submit the enhancement factors to the jury contrary to Blakely. The State moved to dismiss the petition, and the habeas court granted the State's motion on December 28, 2010,[1] concluding that the petition failed to adhere to the mandatory procedural requirements for seeking a writ and failed to raise a cognizable claim for habeas corpus relief. The petitioner filed a notice of appeal on February 11, 2011.

## ANALYSIS

As an initial matter, the State urges this court to dismiss the appeal because the petitioner filed an untimely notice of appeal. Tennessee Rule of Appellate Procedure 4(a) provides that the notice of appeal must be filed "within 30 days after the date of entry of the judgment appealed from[.]" However, the rule further provides that "in all criminal cases the 'notice of appeal' document is not jurisdictional and the filing of such document may be waived in the interest of justice." Id. Even though the habeas court's order was filed on December 28, 2010, considering that the record reflects that a copy of the order was not sent to the petitioner until February 4, 2011, we will review the petitioner's claims in the interest of justice.

The petitioner argues that the habeas court erred in dismissing his petition despite his failure to conform to the procedural requirements and also asserts that he raised a cognizable claim for habeas relief.

Whether the petitioner is entitled to habeas corpus relief is a question of law. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007); Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000). As such, our review is *de novo* with no presumption of correctness given to the trial court's findings and conclusions. Id.

It is well-established in Tennessee that the remedy provided by a writ of habeas

---

[1] The record reflects that a copy of the order was not sent to the petitioner until February 4, 2011.

corpus is limited in scope and may only be invoked where the judgment is void or the petitioner's term of imprisonment has expired. Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007); State v. Ritchie, 20 S.W.3d 624, 629 (Tenn. 2000); State v. Davenport, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." Summers, 212 S.W.3d at 256 (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998)). A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). Furthermore, when "a habeas corpus petition fails to establish that a judgment is void, a trial court may dismiss the petition without a hearing." Summers, 212 S.W.3d at 260 (citing Hogan v. Mills, 168 S.W.3d 753, 755 (Tenn. 2005)).

We conclude that summary dismissal was appropriate. First, the petitioner failed to comply with the mandatory requirements for habeas corpus petitions under Tennessee Code Annotated section 29-21-107. Section 29-21-107 provides:

> (a) Application for the writ shall be made by petition, signed either by the party for whose benefit it is intended, or some person on the petitioner's behalf, and verified by affidavit.

> (b) The petition shall state:

> (1) That the person in whose behalf the writ is sought, is illegally restrained of liberty, and the person by whom and place where restrained, mentioning the name of such person, if known, and, if unknown, describing the person with as much particularity as practicable;

> (2) The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence;

> (3) That the legality of the restraint has not already been adjudged upon a prior proceeding of the same character, to the best of the applicant's knowledge and belief; and

> (4) That it is first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons

-4-

be given for the failure so to do.

The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. See Hickman v. State, 153 S.W.3d 16, 21 (Tenn. 2004). A habeas corpus court "properly may choose to summarily dismiss a petition for failing to comply with the statutory procedural requirements." Summers, 212 S.W.3d at 260. Here, it does not appear that the petition was verified by affidavit. See Tenn. Code Ann. § 29-21-107(a). The petition also fails to state that the legality of the imprisonment had not already been adjudged at a prior proceeding of the same character and whether this was the petitioner's first application for the writ. See id. § 29-21-107(b)(3), (4). The petitioner does mention in his petition that he had filed a post-conviction petition for relief, but he failed to mention that this was his third petition for writ of habeas corpus or provide copies of his first two petitions and the corresponding proceedings as required.

Moreover, the petitioner failed to raise a cognizable claim for habeas corpus relief. He asserts that the three aggravated rapes occurred within the same criminal episode and therefore should have been treated as one conviction under Tennessee Code Annotated section 40-35-106(b)(4). The petitioner's reliance on section 40-35-106 is misplaced. That statute provides:

(b) In determining the number of prior convictions a defendant has received:

(1) "Prior conviction" means a conviction for an offense occurring prior to the commission of the offense for which the defendant is being sentenced;

. . . .

(4) Except for convictions for which the statutory elements include serious bodily injury, bodily injury, threatened serious bodily injury or threatened bodily injury to the victim or victims, or convictions for the offense of aggravated burglary under § 39-14-403, convictions for multiple felonies committed within the same twenty-four-hour period constitute one (1) conviction for the purpose of determining prior convictions[.]

Id. § 40-35-106(b)(1), (4). The statute governs the number of prior convictions a defendant must possess in order to be sentenced as a multiple offender. The subsection he relies on clearly applies to prior convictions, not present offenses, and has no applicability to the petitioner's convictions for aggravated rape because he was not sentenced as a multiple

-5-

offender. Moreover, a challenge to a defendant's offender classification is not a cognizable claim for habeas corpus relief as it would render the judgment, at most, voidable and not void. See Edwards v. State, 269 S.W.3d 915, 924-25 (Tenn. 2008).

The petitioner also argues that his receiving three separate convictions for offenses occurring during one criminal episode violated the double jeopardy clause and also that the three offenses should have been consolidated under Tennessee Rules of Criminal Procedure 8, 13, and 14 as having been a part of a common scheme and plan. The petitioner's argument misapprehends the purpose of these rules. Rule 8 states in part:

(a) Mandatory Joinder of Offenses.

(1) Criteria for Mandatory Joinder. Two or more offenses shall be joined in the same indictment, presentment, or information, with each offense stated in a separate count, or the offenses consolidated pursuant to Rule 13, if the offenses are:

(A) based on the same conduct or arise from the same criminal episode;

(B) within the jurisdiction of a single court; and

(C) known to the appropriate prosecuting official at the time of the return of the indictment(s), presentment(s), or information(s).

(2) Failure to Join Such Offenses. A defendant shall not be subject to separate trials for multiple offenses falling within Rule 8(a)(1) unless they are severed pursuant to Rule 14.

(b) Permissive Joinder of Offenses. Two or more offenses may be joined in the same indictment, presentment, or information, with each offense stated in a separate count, or consolidated pursuant to Rule 13, if:

(1) the offenses constitute parts of a common scheme or plan; or

(2) they are of the same or similar character.

Rule 13 states:

(a) Consolidation. The court may order consolidation for trial of two or more indictments, presentments, or informations if the offenses and all defendants could have been joined in a single indictment, presentment, or information pursuant to Rule 8.

(b) Severance. The court may order a severance of offenses or defendants before trial if a severance could be obtained on motion of a defendant or of the state pursuant to Rule 14.

Here, the petitioner's offenses were joined in the same indictment and disposed of in the same trial as provided for under the abovementioned rules. These rules regarding consolidation and merger do not operate to combine multiple offenses into only one offense as asserted by the petitioner. Moreover, the petitioner's three separate convictions were the result of three discreet acts of aggravated rape and therefore were not in violation of the double jeopardy clause.

The petitioner further argues that his sentences are illegal because he was sentenced above the minimum sentence in the range, the trial court incorrectly enhanced his sentences based on findings of "exceptional cruelty," see Tenn. Code Ann. § 40-35-114(5), and that the offenses were committed to gratify his desire for pleasure or excitement, see id. § 40-35-114(7), and none of the enhancement factors were submitted to the jury in violation of Blakely.

With regard to the petitioner's contentions regarding his sentence, we first note that the trial court did not even apply the exceptional cruelty enhancement factor in enhancing the petitioner's sentence. See Jackie F. Curry, 2001 WL 872789, at *6. In addition, the applicability of enhancement factors was determined on direct appeal, see id., the petitioner made the same challenge regarding the length of his sentences in his first petition for writ of habeas corpus, see Jackie F. Curry, 2005 WL 927158, at *1-2, and the petitioner raised the same Blakely issue in his petition for post-conviction relief. See Jackie F. Curry, 2005 WL 3343826, at *1. "'[I]t is a fundamental principle of law that the remedy of habeas corpus may not be used to resurrect and relitigate matters which have been raised and determined in a prior suit for habeas corpus, a prior suit for post-conviction relief, or on direct appeal unless a change in the law renders the petitioner's conviction void.'" Robert M. Winters v. Jim Morrow, Warden, No. E2009-01334-CCA-R3-HC, 2010 WL 2265441, at *2 (Tenn. Crim. App. June 7, 2010), perm. to appeal denied (Tenn. Oct. 12, 2010) (citing Freddie Olden v. David Mills, Warden & the State of Tennessee, No. 332, 1991 WL 59366, at *2 (Tenn. Crim. App. Apr. 12, 1991) (citations omitted)).

Moreover, additionally with specific regard to the petitioner's <u>Blakely</u> claim, the petitioner's case became final before <u>Blakely</u> was decided, and "<u>Apprendi</u>/<u>Blakely</u> type issues regarding allocating fact-finding authority to judges during sentencing are not in the narrow class of procedural rules that apply retroactively." <u>Ulysses Richardson v. State</u>, No. W2006-01856-CCA-R3-PC, 2007 WL 1515162, at *2 (Tenn. Crim. App. May 24, 2007), <u>perm. to appeal denied</u> (Tenn. Sept. 17, 2007). Furthermore, even a valid <u>Blakely</u> claim renders a conviction voidable, not void, and is thus non-cognizable in habeas corpus review. <u>Richardson</u>, 2007 WL 1515162, at *3.

## CONCLUSION

Based on the foregoing authorities and reasoning, affirm the summary dismissal of the petition.

_____
ALAN E. GLENN, JUDGE